UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
RUTH NADLER and STEPHEN NADLER,

                Plaintiffs,        10 Civ. 4237 (TPG)

    – against –               **OPINION**

BANK OF AMERICA, N.A.,

                Defendant.
------------------------------------------------x

      In this action, plaintiffs Ruth and Stephen Nadler claim that Bank of America violated the disclosure requirements of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"). Bank of America moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), on the ground that the Bank's accurate disclosure at the time of closing is not in dispute, and therefore the complaint fails to state any violation of TILA as a matter of law.

      This motion is granted.

## BACKGROUND

      This case arises because the Nadlers claim that they were improperly charged what is called a loan discount fee. The following facts, alleged in the complaint, are assumed to be true for the purposes of deciding this motion to dismiss.

In April 2009, the Nadlers sought a loan of $600,000 from Bank of America in order to buy a residential cooperative apartment in Manhattan. After the Nadlers' offer for the coop was accepted, the Bank issued a Federal Truth-In-Lending Disclosure Statement pursuant to TILA, as implemented by Federal Reserve Board Regulation Z. 12 C.F.R. § 226.17(b). A copy of the April 26, 2009 Disclosure Statement is attached to the complaint and shows that no "loan discount fee" is to be paid.

On April 27, 2009, the Bank issued a Real Estate Loan Commitment Letter to the Nadlers, approving their loan. A copy of the Commitment Letter is attached to the complaint and shows that no "discount points" would be charged. Additionally, this commitment letter stated that "the interest rate and points" would expire on June 22, 2009.

On June 9, 2009, the Bank issued a second commitment letter, a copy of which is attached to the complaint. The letter states that "the interest rate and points" would expire on June 22, 2009. Additionally, the letter shows that .125% in "discount points" would be charged. Based on the $600,000 loan amount, this would yield a fee of $750.00.

The closing for the Nadlers' coop occurred on July 29, 2010, after the expiration dates of the commitment letters. The HUD-1 Uniform Settlement Statement, executed at the closing pursuant to TILA and Regulation Z, shows that $2,500 would be charged as a "loan discount." At the closing, the Nadlers protested the discrepancy in charges for

Discount Points between the June commitment letter ($750) and the HUD-1 Uniform Statement ($2,500).  Despite these objections, however, the Nadlers proceeded with the closing, and consequently paid $2,500 for Discount Points.

The claim of wrongdoing in the complaint is that the Disclosure Statement and the two Commitment Letters were improper, because none of these documents disclosed the Discount Points that were ultimately charged.  However, the Nadlers do not dispute that the Bank accurately disclosed the actual Discount Points at the time of closing.

Defendant, who filed the present motion on July 2, 2010, now moves to dismiss on the grounds that the Complaint fails to state any violation of TILA as a matter of law.

## DISCUSSION

In considering a motion to dismiss, factual allegations in the complaint must be taken as true, <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 164 (1993), and all reasonable inferences must be drawn in plaintiff's favor. <u>Hernandez v. Coughlin</u>, 18 F.3d 133, 136 (2d Cir. 1994).  In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must plead enough facts "to state a claim for relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 547 (2007).

Under TILA, a lender must disclose the terms of the loan "before the credit is extended." 15 U.S.C. § 1638a(2)(A);  15 U.S.C. § 1638(b)(1). Regulation Z specifies that this disclosure is to occur "before consummation of the transaction." 12 C.F.R. § 226.17(b).  It is well settled that "consummation" occurs "when a borrower signs the loan documents and becomes obligated to pay." Ngwa v. Castle Point Mortg., Inc., No. 08cv0859, 2008 WL 3891263 at *9 (S.D.N.Y. Aug. 20, 2008) ("This Court agrees that disclosure at the closing, not the day before the closing, is all that is required by TILA.").  See also Capela v. J.G. Wentworth, LLC, No. 09cv0882, 2009 WL 3128003 at *6 (E.D.N.Y Sep. 24, 2009).

The Nadlers attempt to distinguish their claim from Ngwa and similar cases, on the ground that the plaintiffs in those cases did not receive pre-closing commitments.  The Nadlers assert that, in effect, the only valid disclosures were the documents in April and June.  They assert that "the purpose of these documents… is to disclose to the borrowers what the loan will actually cost."  Thus, they argue that it was improper to change the Discount Points at the closing.

Although the statutory provision and the regulation, cited above, do not refer explicitly to amendments of terms offered by banks, it is implicit from the language that such amendments can be made "before the credit is extended" and "before consummation of the transaction."  In the present case, the disclosure statement and the original commitment

letter of April 27, 2009 indicated that there would be no discount points. However, the April 27 letter expressly stated that it would expire on June 22, 2009. Before that date, on June 9, 2009, the Bank amended those terms in the second commitment letter, which, by its terms, was to expire June 22, 2009. The closing did not take place until July 22, 2009, by which time the two commitment letters had expired, and it was also clear that the original disclosure statement was no longer in effect.

At the time of the closing, the Bank fully disclosed that the Nadlers would be charged $2,500 as a Discount Fee, and this occurred before the completion of the transaction. The complaint does not assert a valid cause of action for a violation of TILA.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted. This resolves the motion listed as document 8 in this case.

- 6 -

    SO ORDERED.

Dated:  New York, New York
         November 30, 2010

                                                  _____
                                                  Thomas P. Griesa
                                                  U.S.D.J.

- 6 -

Dated: New York, New York
       November 30, 2010

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/10
```

Thomas P. Griesa
U.S.D.J.